

|  | THE CITY OF NEW YORK | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MATTHEW W. McQUEEN**<br>Assistant Corporation Counsel<br>mmcqueen@law.nyc.gov<br>Phone: (212) 356-2423<br>Fax: (212) 356-3509 |

May 4, 2016

BY E.C.F.
Honorable Very M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  Randy Damas v. City of New York, et al.
                16 CV 1690 (NGG) (VMS)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to defend the City of New York in the above-referenced case. Defendant respectfully requests a sixty-day enlargement of time, from May 4, 2016 to July 5, 2016, for the City to answer or otherwise respond to the complaint. Plaintiff's counsel, Matthew Flamm, does not consent to this request. No previous request for an extension has been made.

        The complaint alleges, *inter alia*, that on May 26, 2015, plaintiff was arrested without probable cause. The complaint further alleges that the Queens County District Attorney's Office declined to prosecute plaintiff. Accordingly, all records associated with the incident alleged in the complaint may be sealed pursuant to Section 160.50 of the New York Criminal Procedure Law. Finally, the complaint alleges that, as a result of the incident described above, plaintiffs suffered physical and emotional injuries.

        There are several reasons for seeking an enlargement of time in this matter. In accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedures, we need time to investigate the allegations of the complaint. It is necessary for our Office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. Our Office is currently processing a release provided by plaintiff so that we can obtain the records associated with the underlying arrest and prosecution

from the police, District Attorney, and the criminal court. Additionally, as the complaint alleges that plaintiffs sustained injuries as a result of this incident, this Office is also in the process of obtaining the medical releases from plaintiffs which are necessary to obtain the medical records pertaining to plaintiffs' alleged injuries and treatment.

In addition to the City of New York, the caption of the complaint names a members of the New York City Police Department as defendants. Our review of the docket indicates that two of the individual defendants were served with process on the same date as the City. However, a determination has not yet been made regarding representation of those individual defendants. Additionally, one of the named individual defendants is now retired from the police department, and has not yet been served. The undersigned has already made requests to obtain a service address for the retired officer, and will provide that address to plaintiff's counsel once it is obtained. Accordingly, this Office cannot make a request for an extension of time on any of the individual defendants. However, in the interest of judicial economy, we would hope that the court may grant, *sua sponte*, the same extension of time for any individual defendant whose answer would otherwise come due before July 5, 2016, so that their defenses are not jeopardized.

Accordingly, for the reasons set forth herein, it is respectfully requested that the time to respond to the complaint be extended until July 5, 2016.

Defendant thanks the Court for its time and consideration in this regard.

Respectfully submitted,

/s

Matthew W. McQueen
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Matthew Flamm, Esq. (by E.C.F.)
*Attorney for Plaintiff*